**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1898-15T1

V.L.,

    Plaintiff-Respondent,

v.

K.A.B.,

    Defendant-Appellant.

_____

        Submitted January 18, 2017 — Decided  February 27, 2017

        Before Judges Yannotti and Gilson.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Middlesex
        County, Docket No. FV-12-1001-16.

        Jack Venturi, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

    Defendant appeals from a final restraining order (FRO) entered by the Family Part on December 3, 2015, pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We affirm.

On November 20, 2015, plaintiff filed an application for a temporary restraining order (TRO). Plaintiff alleged that in April 2015, he broke off his relationship with defendant and she "flipped out." Plaintiff claimed that defendant stated that she was pregnant and wanted to get back together with him. He alleged defendant called him about one thousand times, and sent him twice that amount of text messages.

Plaintiff further alleged that in November 2015, while he was at the apartment of his new girlfriend, he found a flyer with his photo on his car. He suspected defendant had placed the flyer there. He alleged defendant made threats regarding his new girlfriend, and had been contacting his family members.

On November 20, 2015, the court issued a TRO. The order provided in part that defendant was prohibited from having any oral, written, personal, electronic, or other form of communication with plaintiff. The court scheduled the matter for an evidentiary hearing on whether a FRO should be issued.

The Family Part judge conducted the hearing on December 3, 2015. At the hearing, plaintiff testified that he was twenty-five years old and resided in Matawan with his parents, sisters, and brothers. Plaintiff stated that he and defendant had a dating relationship for about two years. They never married or had a live-in relationship.

A-1898-15T1

Plaintiff broke off the relationship in April 2015, but had sexual relations with defendant in late September 2015. At the end of October 2015, plaintiff began a relationship with a new girlfriend. Plaintiff testified that defendant came to him and told him she was pregnant. She also began calling plaintiff on the phone and sending him text messages. According to plaintiff, defendant placed a flyer on his car while he was at his girlfriend's apartment complex. The flyer stated, "Have you seen me?"

Plaintiff further testified that he had seen defendant at a housing development across the road from his house. He stated that defendant sent him about fifty to one hundred text messages each day. Plaintiff said he was "afraid of [his] life." He admitted, however, that defendant had not threatened him physically.

Defendant also testified. She admitted that she placed the flyer on plaintiff's car. She also admitted texting defendant "often," but said he often responded to her texts. The judge asked defendant if she sent text messages to plaintiff between fifty and one hundred times a day, and she replied "maybe."

Defendant further testified that in July 2015, she told plaintiff she was pregnant. She said, "We were going to try and work it out, [and] be together." She told the judge she was four months pregnant. Defendant also testified that in early October

2015, she found out that plaintiff was seeing someone else, and "that kind of just kind of messed with [her] emotions."

Defendant met plaintiff at a convenience store, and plaintiff told her he was not going to see his new girlfriend anymore. She told plaintiff she was going to "go there" and "make sure he wasn't there." Defendant then went to the girlfriend's residence, "[a]nd he was with her." Plaintiff and defendant got into a "big argument," and plaintiff told defendant he did not want to have anything to do with her or the child.

Defendant also admitted that she went to the housing development across the road from plaintiff's house. She said that was where she used to meet plaintiff because he did not have a car and she was not allowed to be at his house. She claimed she met him there to pick him up.

The judge placed an oral decision on the record. The judge stated that the material facts were undisputed. The parties had a dating relationship that ended and plaintiff began a relationship with a new girlfriend. The judge said he understood defendant would be upset that plaintiff was seeing someone else, "particularly after you told him you were pregnant in July."

The judge found that defendant's phone calls, text messages, flyers, and other actions were "a form of harassment." The judge stated that although defendant's actions may have been

4

understandable, they were not justified under the law. The judge decided that a FRO should be issued and entered a FRO dated December 3, 2015. This appeal followed.

On appeal, defendant argues that the Family Part judge erred by granting the FRO. Defendant contends there was insufficient evidence to find harassment under N.J.S.A. 2C:33-4. Defendant also contends the judge did not make the required finding that she acted with a purpose or intent to seriously annoy or alarm plaintiff. She further argues that even if her actions constituted harassment, there was no need to issue a FRO.

Factual findings of the trial court will be upheld unless they "are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). Furthermore, we accord special deference to the factual findings of the Family Part because of that court's "special jurisdiction and expertise in family matters[.]" Id. at 413.

In determining whether to issue an FRO, the court first must determine whether the plaintiff has established by a preponderance of the evidence that the defendant has committed a predicate act of domestic violence, as defined in N.J.S.A. 2C:25-19a. Silver v.

Silver, 387 N.J. Super. 112, 125 (App. Div. 2006). The court also must determine, by considering the factors enumerated in N.J.S.A. 2C:25-29a(1) to -29a(6), whether a FRO is necessary "to protect the victim from an immediate danger or to prevent further abuse." Id. at 127.

The PDVA provides that harassment as defined in N.J.S.A. 2C:33-4 is a predicate act of "domestic violence." N.J.S.A. 2C:25-19a(13). Harassment is deemed to be a petty disorderly persons offense "if, with purpose to harass another," the actor:

> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively course language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
>
> [N.J.S.A. 2C:33-4a to -4c.]

"A finding of a purpose to harass may be inferred from the evidence presented" and "[c]ommon sense and experience may inform that determination." State v. Hoffman, 149 N.J. 564, 577 (1997). Furthermore, for purposes of N.J.S.A. 2C:33-4a, "[a]nnoyance means to disturb, irritate, or bother." Id. at 580.

A-1898-15T1

Here, there is sufficient credible evidence in the record to support the trial court's finding that defendant engaged in harassment of plaintiff, as defined in N.J.S.A. 2C:33-4a. Defendant essentially admitted that she made numerous phone calls to plaintiff, and sent him as many as fifty to one hundred text messages a day. Moreover, the testimony presented at the hearing provided a sufficient factual basis for the inference that defendant made the aforementioned communications with a purpose to disturb, irritate, or bother plaintiff.

The evidence presented at the hearing also provided a sufficient factual basis for the issuance of a FRO. As noted, plaintiff testified that he was afraid of defendant. He did not explain the reasons for his fear, or suggest that he was in immediate danger. Plaintiff's testimony established, however, that he had a reasonable fear that defendant's harassment would continue unless a FRO was issued. The evidence thus supports the judge's determination that a FRO was required.

We have considered defendant's other arguments and conclude that they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1898-15T1